IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.                                                                  Criminal Action No. **3:93CR125**

**MICHAEL JACKSON**

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on July 2, 1999, the Court denied a 28

U.S.C. § 2255 motion from Michael Jackson. Thereafter, on July 20, 1999, the Court denied a

motion for reconsideration from Jackson.[1]  On June 7, 2013, the Court received a Motion for

Reconsideration pursuant to Federal Rule of Civil Procedure 60(b) from Jackson. ("Rule 60(b)

Motion," ECF No. 175.) Jackson sought relief under Rule 60(b)(1) and 60(b)(6).[2] (Rule 60(b)

Mot. 6.)  By Memorandum Opinion and Order entered on October 11, 2013, the Court denied

Jackson's Rule 60(b) Motion because he failed to file the motion in a timely fashion.  On

November 7, 2013, the Court received Jackson's Motion to Alter or Amend Judgment seeking

---

[1] The Court's July 20, 1999 Order instructed the Clerk not to accept further filings from Jackson, except for a notice of appeal, without authorization from the Court.  Nevertheless, in the wake of that order, the Court has authorized the Clerk to file numerous submissions by Jackson.

[2] Federal Rule of Civil Procedure 60(b) provides, in pertinent part:

**(b)  Grounds for Relief from a Final Judgment, Order, or Proceeding.**  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> **(1)**        mistake, inadvertence, surprise, or excusable neglect;
> . . . .
> **(6)**        any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

relief under Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion").[3] For the reasons set forth below, the Rule 59(e) Motion (ECF No. 179) will be denied.

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Jackson fails to demonstrate any basis for granting relief under Rule 59(e). Instead, Jackson improperly raises the new argument that his Rule 60(b) Motion was timely as one seeking relief under Rule 60(b)(4).[4] *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (noting that a "'Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995))). Accordingly, Jackson's Rule 59(e) Motion (ECF No. 179) will be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C.

---

[3] "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

[4] Rule 60(b)(4) permits the Court to grant relief on the basis that "the judgment is void." Fed. R. Civ. P. 60(b)(4). Jackson fails to demonstrate any plausible basis under which the Court's judgment denying Jackson's 28 U.S.C. § 2255 Motion could be vacated as void. A judgment may be vacated as void "[o]nly when the jurisdictional error is 'egregious.'" *Wendt v. Leonard*, 431 F.3d 410, 413 (4th Cir. 2005) (quoting *United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000)). This occurs "'only when there is a total want of jurisdiction and no arguable basis on which [the court] could have rested a finding that it had jurisdiction.'" *Id.* (some internal quotation marks omitted) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)).

§ 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Jackson fails to meet this standard. A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 1/27/14
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge